670 April 9, 2025 No. 328

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEPHEN MATTHEW TOELLE,
aka Stephen Matthew Garnes Toelle,
aka Toelle Steven Matthew Garnes,
aka Stephen Matthew Garnes-Toelle,
aka Stephen M. Garnes-Tolle,
aka Stephen Matthew Garnestoelle,
aka Steven Garnestoelle, aka M. Garnes-Toelle Stephen,
aka Stephen Toelle, aka Stephen M. Toelle,
aka Stephen Matthew Garnes Toelle, aka Steven Toelle,
*Defendant-Appellant.*

Multnomah County Circuit Court
22CR47682; A181816

Christopher J. Marshall, Judge.

Argued and submitted March 6, 2025; on respondent's motion to dismiss appeal filed December 28, 2023; appellant's response filed January 4, 2024; respondent's second motion to dismiss appeal filed April 4, 2024; and appellant's response filed April 16, 2024.

Laura Graser argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

PER CURIAM

Appeal dismissed.

## PER CURIAM

Defendant was charged with various crimes and, before trial, moved under ORS 133.643(4) for the return of certain items—two vehicles, a wallet, and cash—that had been seized by the police during a search and remained in state custody. The trial court denied the motion on the merits. Defendant immediately appealed that order. The state moved to dismiss the appeal, arguing that it was premature. Defendant responded that the law is ambiguous as to when an appeal from such an order must be filed—particularly in light of *State v. Fenton*, 294 Or App 48, 430 P3d 152 (2018), which defendant reads to "strongly suggest" that an immediate appeal is required—and indicated that he had filed the appeal to protect himself in case immediate appeal was required. A short time later, defendant entered into a plea agreement that resolved the criminal charges. The state filed a second motion to dismiss this appeal, this time based on mootness. In response, defendant acknowledges that his appeal is now moot, but he requests that we nonetheless review the immediate-appealability issue under ORS 14.175, which allows us to review certain issues in moot cases if they are "capable of repetition" and "likely to evade judicial review in the future."

The Appellate Commissioner declined to rule on either of the state's motions to dismiss, instead referring them to the merits panel for decision. In doing so, the Appellate Commissioner noted her view that, "especially in light of *Fenton*," a published opinion on the immediate-appealability issue "would benefit the bench, bar, and the public."

Having considered the motions briefing received from the parties, as well as their positions at oral argument, we are unpersuaded at this time that the immediate-appealability issue meets the requirements for review under ORS 14.175, particularly the requirement that the challenged act be one that is "likely to evade judicial review in the future," not just one that has evaded review *in this case*. Although we agree with the Appellate Commissioner that clarity on the issue would be beneficial, we are not convinced at this

time that granting review under ORS 14.175 is necessary to achieve it.

We therefore grant the state's motion to dismiss the appeal as moot. In doing so, we express no opinion on when an order denying a motion under ORS 133.643.643(4) is appealable, nor do we express any opinion on whether that issue is one that might ultimately warrant review under ORS 14.175. Our decision not to review the immediate-appealability issue in this case under ORS 14.175 should not discourage anyone from seeking review on this issue under ORS 14.175 in a future case, if they believe the requirements for such review are met. The state's second motion to dismiss (based on mootness) is granted. The state's first motion to dismiss (based on non-appealability) is denied as moot.

Appeal dismissed.